IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARYL EVANS                                                                        PLAINTIFF

v.                                       Civil No. 4:23-cv-4043

DEBROHA ANN ARMSTRONG, Notary Public/Home Wave,
Southwest Arkansas Community Corrections Center;
WARBRITTEN, Program Coordinator, Southwest Arkansas
Community Corrections Center                                  DEFENDANTS

## ORDER

On April 11, 2023, Plaintiff Daryl Evans filed this civil rights matter (ECF No. 2) and requested to proceed *in forma pauperis* ("IFP"). (ECF No. 1). Before the Court is Plaintiff's failure to comply with orders of the Court.

This matter was originally filed in the Eastern District of Arkansas. (ECF No. 2). On April 14, 2023, Magistrate Judge Joe J. Volpe of the Eastern District of Arkansas ordered that this matter be transferred to this District. (ECF No. 3). On April 24, 2023, Magistrate Judge Barry Bryant ordered Plaintiff to submit a signed Complaint and an IFP application by May 8, 2023, in accordance with Federal Rule of Civil Procedure 11. (ECF No. 6). In that order, Plaintiff was warned that failure to submit the Complaint and IFP application by the deadline would subject this matter to dismissal. (ECF No. 6.) The April 24, 2023 order was not returned as undeliverable. When Plaintiff failed to respond by May 8, 2023, Magistrate Judge Christy D. Comstock ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's orders. (ECF No. 7). The show cause order was also not returned as undeliverable.

Plaintiff's deadline to respond to the Court's show cause order has now passed, and

Plaintiff has failed to respond or communicate with this Court. In fact, Plaintiff has not communicated with this Court at all since this matter was transferred from the Eastern District of Arkansas.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge